**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

————————————————————X
In re:                                              :
                                                    :
Bolin & Company, LLC,              :         Chapter 7
                                                    :         Case No. 04-51011
              Debtor.                          :
————————————————————X
Ronald I. Chorches, Trustee,       :
                                                    :
              Plaintiff,                         :
                                                    :
       v.                                         :         Adv. Pro. No. 07-5024
                                                    :
Sally Ogden,                              :
                                                    :
              Defendant.                    :
————————————————————X

Appearances:

Carol A. Felicetta, Esq.                :         For Plaintiff/Trustee
Reid and Riege, P.C.                  :
195 Church St., 15th Fl.             :
New Haven, CT 06510             :


Jeffrey Hellman, Esq.                 :         For Defendant
Zeisler & Zeisler, P.C.                :
558 Clinton Ave.                        :
Bridgeport, CT 06605-0186      :

Alan H. W. Shiff, United States Bankruptcy Judge

**MEMORANDUM OF DECISION AND ORDER ON
MOTION TO SETOFF A DISTRICT COURT JUDGMENT
AGAINST DEFENDANT'S SECURED CLAIM**

**Introduction and Background**[1]

　　　This Chapter 7 case was commenced on August 20, 2004. On May 12, 2005, the Defendant filed a proof of claim, which was subsequently amended on May 26,

---

[1] In conjunction with the Defendant's request for setoff and the Trustee's objection thereto, the parties submitted a "Stipulation of Facts and Issues" upon which the court relies. (See doc. #120, hereafter "Stipulation".)

2006.  (*See* Claim No 9; hereafter "Claim No. 9".)  On April 30, 2007, the Chapter 7 trustee ("Trustee") objected to Defendant's Claim No. 9.  He also commenced this adversary proceeding in which he asserted several counterclaims against the Defendant, including tortious interference with the debtor's business relationships.  (*See* Stipulation at 4, ¶21.)  The adversary proceeding also included claims against another party who filed a jury demand and a motion to withdraw the reference.  (*See id.* at 5, ¶¶ 21-23.)  The reference withdrawal motion was granted, and the adversary proceeding was removed to the district court.  (*See id.* at ¶¶23-24.)  The other party was subsequently dismissed from the action.  (*See id.* at ¶25.)

After several days of trial, the district court found the Defendant was liable for tortious interference with the debtor's business relationships.  (*See id.* at 6, ¶28, ¶31.)  Therefore, it entered a judgment in favor of the Trustee and ordered the Defendant to pay damages in the amount of $226,000 (hereafter, "Damages Judgment").  *See Chorches v. Ogden (In re Bolin & Company, LLC)*, 437 B.R. 731 (D. Conn. 2010).  The district court also found that the Defendant had a $270,000 secured claim against the debtor.  (*See* Stipulation at 6, ¶33 (citing to *Bolin*, 437 B.R. at 739 n.4).)

The Defendant moved for a corrected or amended judgment, pursuant to Rules 59(e) and 60(a) of the Federal Rules of Civil Procedure, seeking to setoff the district court Damages Judgment against her $270,000 secured claim in this bankruptcy case.  The Trustee objected, arguing that the Defendant can not demonstrate the requisite mutuality between the district court Damages Judgment and the bankruptcy court secured claim.  The district court directed the parties to bring the setoff request and objection to this court.  For the reasons that follow, the Defendant's setoff motion is denied.

## Discussion

In determining whether setoff should be permitted, the court begins its analysis with the relevant Bankruptcy Code section, § 553, which states in relevant part:

> **§ 553 – Setoff**
> (a) Except as otherwise provided in this section . . . this title does not affect any right of a creditor to offset a *mutual debt* owing by such creditor to the debtor that arose

> before the commencement of the case under this title
> against a claim of such creditor against the debtor that arose
> before the commencement of the case, . . .

11 U.S.C. § 553 (a)(emphasis added).[2]  Simply stated: "§ 553(a) allows setoff of 'mutual' debts that 'arose before the commencement of the case.'" *Bennett Funding* 146 F.3d at 139 (quoting § 553).

Eligibility for § 553 setoff requires: "(1) the amount owed by the debtor must be a prepetition debt; (2) the debtor's claim against the creditor must also be prepetition; and (3) the debtor's claim against the creditor and the debt owed the creditor must be mutual." *In re Lehman Bros. Holdings, Inc.*, 433 B.R. 101, 107 (Bankr. S.D.N.Y. 2010) (further citation omitted).  "Mutuality, in turn, exists when 'the debts and credits are in the same right and are between the same parties, standing in the same capacity.'" *Id.* (quoting *Scherling v. Hellman Elec. Corp. (In re Westchester Structures)*, 181 B.R. 730, 739 (Bankr. S.D.N.Y. 1995)).  Here, the Defendant cannot meet the second and third requirements.

There is no dispute that the first prong of the test has been satisfied, *i.e.*, prepetition, the Defendant lent the debtor money to run its business and such loan was evidenced by a promissory note and secured by a security agreement (hereafter, the "Loan".  (*See* Stipulation at 2, ¶9; 3, ¶10.)  However, the debtor's claim against the Defendant/creditor did not arise prepetition.  Although the underlying events giving rise to the Damages Judgment were pre-petition conduct, *i.e.*, the Defendant's tortious interference with the debtor's business relationships, the Defendant was not indebted to the debtor's bankruptcy estate until the postpetition entry of the Damages Judgment.  (*See id.* at 6, ¶31.)

Even if that was not the case, the Defendant's secured claim against the debtor, which is based on the Loan, and the debtor's claim against the Defendant, which is

---

[2]  It is noted that "[t]he Bankruptcy Code does not establish an independent right of setoff"; rather, it "preserve[s] any right of setoff that may exist under applicable non-bankruptcy law."  *Official Comm. of Unsecured Creditors v. Manufacturers & Traders Trust Co. (In re Bennett Funding Group)*, 146 F.3d 136, 138-39 (2d Cir. 1998).

based on the Damages Judgment, are not mutual.  Quite simply, they are not of the same right.  The Defendant's claim is based on her voluntary, secured, prepetition Loan to the debtor.  The Damages Judgment does not relate to or arise out of any breach of the Defendant's loan agreement with the debtor; rather, it is the result of litigation based upon tortious interference.  Moreover, the Damages Judgment is not secured as is the Loan.  Hence, mutuality is lacking.

## Conclusion

Accordingly, since the Defendant has not satisfied the requisite test for a § 553 setoff,

IT IS ORDERED that the Defendant's Motion to Correct and/or Amend the Judgment is DENIED.

Dated this 21st day of September 2011 at Bridgeport, Connecticut.

By the court

Alan H. W. Shiff
United States Bankruptcy Judge